IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**ROBERTA SESSO,**                                              07-CV-970-BR

       **Plaintiff,**                                    OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security**
**Administration,**

       **Defendant.**


**ALAN STUART GRAF**
P.O. Box 98
Summertown, TN 38483
(931) 964-3123

       Attorney for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAVID BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

>     Attorneys for Defendant

**BROWN, Judge.**

>    Plaintiff Roberta Sesso seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

>    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

>    Plaintiff filed her applications for DIB and SSI on

2 - OPINION AND ORDER

February 4, 2000, alleging a disability onset date of April 10, 1999.  Tr. 162-64, 62.[1]  The applications were denied initially and on reconsideration.  Tr. 54-57.  An Administrative Law Judge (ALJ) held a hearing on August 29, 2001.  Tr. 1544-81.  The ALJ continued the hearing to obtain additional medical records.  Tr. 1579-80.  On July 22, 2002, the ALJ held a continuation hearing, but Plaintiff's medical expert was not present.  The ALJ, therefore, continued the hearing.  Tr. 1582-88.  On September 17, 2002, the ALJ held the second continuation hearing.  Plaintiff was represented by an attorney at the August 29, 2001; July 22, 2002; and September 17, 2002, hearings.  At the September 17, 2002, hearing Plaintiff, a medical expert, and a vocational expert (VE) testified.  Tr. 1589-1609.

The ALJ issued an opinion on October 3, 2002, in which he found Plaintiff was not disabled.  Tr. 61-76.  On October 22, 2004, the Appeals Council vacated the ALJ's decision and remanded for further proceedings.  On March 29, 2005, the ALJ held a hearing on remand at which Plaintiff, three medical experts, and a second VE testified.  Tr. 1610-90.  At the March 29, 2005, hearing, Plaintiff orally moved to amend her disability onset date to December 31, 1994, but the ALJ determined Plaintiff's requested amended onset date was improper due to the *res judicata*

---

[1] Citations to the official transcript of record filed by the Commissioner on January 29, 2008, are referred to as "Tr."

3 - OPINION AND ORDER

effect of an April 12, 1996, determination by the Commissioner that Plaintiff was not disabled as of April 12, 1996. Tr. 27. The ALJ continued the hearing to allow Plaintiff to analyze the effect of the Commissioner's 1996 determination.

On May 31, 2005, the ALJ held the final hearing in this matter. Plaintiff and a third VE testified. Tr. 1691-1739. Plaintiff was represented by counsel at the March 29, 2005, and May 31, 2005, hearings.

On August 23, 2005, the ALJ issued a decision in which she found the *res judicata* effect of the Commissioner's decision on Plaintiff's prior application for DIB precluded Plaintiff from amending her disability onset date to December 31, 1994. The ALJ also found Plaintiff was not disabled "at any time through the date of [the ALJ's] decision." Tr. 46.

The ALJ's decision became the final decision of the Commissioner on June 14, 2007, when the Appeals Council denied Plaintiff's request for review. Tr. 14-16.

## BACKGROUND

Plaintiff was born on July 11, 1951; was 48 years old on September 30, 1999, the date her insured status expired for DIB purposes;[2] and was 53 years old at the time of the last hearing.

---

[2] Plaintiff's date last insured affects only Plaintiff's application for DIB benefits. The relevant period for Plaintiff's SSI benefits is from December 20, 1996, through the

4 - OPINION AND ORDER

Tr. 43, 1695.  Plaintiff completed high school and two years of college.  Tr. 328, 1677.  Plaintiff has past relevant work experience as a clerical typist, warehouse worker, machine-shop worker, automotive mechanic, security guard with receptionist duties, and possibly as a caregiver.  Tr. 29.

Plaintiff alleges disability due to fibromyalgia, chronic fatigue syndrome (CFS), depression, post-traumatic stress disorder (PTSD), asthma, anxiety, sleep disturbance, cognitive deficits, and "varied emotional factors."  Tr. 29.

The ALJ found Plaintiff has the severe impairments of degenerative disc disease, asthma, fibromyalgia, and a history of depression.  Tr. 45.  The ALJ concluded the remainder of Plaintiff's alleged conditions are not severe.  Tr. 245.

The ALJ concluded Plaintiff is not disabled on the ground that she retains the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy.  Tr. 46.  Accordingly, the ALJ found Plaintiff is not entitled to benefits.  Tr. 46.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 30-32, 36-40.

---

present.  20 C.F.R. § 416.330.  *See also* Social Security Ruling 83-20.

5 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

6 - OPINION AND ORDER

2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),

7 - OPINION AND ORDER

416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make

8 - OPINION AND ORDER

the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### **ALJ'S FINDINGS**

At Step One, the ALJ found even though Plaintiff had "engag[ed] in sustained employment," the Plaintiff had "not engaged in employment which meets the definition of substantial gainful activity since the alleged onset of disability."  Tr. 45.

9 - OPINION AND ORDER

At Step Two, the ALJ found Plaintiff has severe impairments of degenerative disc disease, asthma, fibromyalgia, and a history of depression.  Tr. 45.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed Plaintiff's RFC and found Plaintiff could perform "a significant range of light work."  Tr. 46.  The ALJ also found Plaintiff could sit one hour at a time for a total of eight hours in an eight-hour day, stand 30 minutes at a time for a total of four hours in an eight-hour day, walk eight to ten blocks, and lift and carry ten pounds.  In addition, the ALJ found Plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl, and she was limited to routine repetitive tasks and three-step commands.  Tr. 42.

At Step Four, the ALJ found Plaintiff is not able to perform her past relevant work.  Tr. 43.

At Step Five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies.  Tr. 46.  Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 46.

## **DISCUSSION**

Plaintiff contends the ALJ erred by (1) improperly rejecting

Plaintiff's testimony; (2) failing to give sufficient reasons for rejecting the opinions of Plaintiff's treating, examining, and consulting physicians; and (3) failing to determine the numbers of jobs that Plaintiff could perform that exist in the regional or national economy at Step Five.

**I.    The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what

11 - OPINION AND ORDER

testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ determined Plaintiff's allegations of her physical and mental-health symptoms were not fully credible.  The ALJ found "various records . . . show a clear pattern of [Plaintiff] modifying her history, symptoms, or deficits related to suit different circumstances, as well as symptoms significantly more severe than any objective findings."  Tr. 33.  For example, the ALJ noted Plaintiff's treating physician, M. Lenore Fines, M.D., declined Plaintiff's request in July 2004 to sign a medical authorization form for Plaintiff to obtain free library-delivery services because Dr. Fines concluded Plaintiff did not meet the required disability criteria necessary to qualify for these services.  Tr. 38, 1384-85.  In addition, the ALJ noted Plaintiff alleges she left her job in 1994 due to fatigue, pain, and psychological factors.  In March 1996, however, F. Pho, M.D., reported Plaintiff left her job because her employer was downsizing and she was willing to leave.  Tr. 34, 969.

The ALJ noted on November 16, 2004, Sherry Harden, Psy.D., conducted a neuropsychological evaluation of Plaintiff and opined Plaintiff's "life has become centered around her physical symptoms to the point of possibly delusional belief."  Tr. 40, 1504.  The ALJ also noted a neuropsychological evaluation of Plaintiff conducted by James Powell, Psy.D., in July and August

12 - OPINION AND ORDER

2000 in which Dr. Powell reported the results of Plaintiff's MMPI-2 test "suggest the obtained results are probably invalid" and Plaintiff "displayed a marked tendency to endorse numerous negative symptoms across a broad range of clinical pathology" causing a likely "overreporting of negative pathology."  Tr. 39, 1099.  Dr. Powell also found Plaintiff presented as alert and oriented during the examinations, and her IQ scores were in the average and high-average range.  Tr. 39, 1096-98.  The ALJ pointed out that Dr. Powell concluded Plaintiff did not appear to have any profound deficiencies in her ability to perform daily living activities to the extent that Plaintiff indicated during her examination.  Tr. 39, 1102.

Based on this record, the Court finds the ALJ did not err when she rejected Plaintiff's testimony because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

**II.  The ALJ erred in her assessment of the opinions of Plaintiff's physicians.**

Plaintiff asserts the ALJ failed to give sufficient reasons for rejecting several opinions of treating, examining, and "consultative" physicians as to Plaintiff's impairments.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are

13 - OPINION AND ORDER

based on substantial evidence in the record." *Thomas v. Barnhart* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Id*.  *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

Plaintiff notes her treating physicians, Heide Nelson, M.D., and Brian Trafficante, M.D., diagnosed Plaintiff with CFS and fibromyalgia.  In June 2000, Dr. Nelson opined Plaintiff had the RFC to lift ten pounds occasionally, to stand or to walk for two hours in an eight-hour day, to sit for six hours in an eight-hour day, and occasionally to reach in all directions.  Dr. Nelson

14 - OPINION AND ORDER

also found Plaintiff should avoid frequent exposure to cold, heat, wetness, humidity, noise, vibration, fumes, gases and heights.  Tr. 538.  In June 2000, Dr. Trafficante also opined Plaintiff had the RFC to lift less than ten pounds occasionally, to stand or to walk two hours in an eight-hour day, and occasionally to reach in all directions.  Dr. Trafficante stated Plaintiff should avoid frequent exposure to cold, heat, wetness, humidity, noise, vibration, fumes, gases and heights.  Tr. 561.  Dr. Trafficante did not include any limitation on sitting other than the ability to change positions during an eight-hour day.

     The ALJ rejected the opinions of Drs. Nelson and Trafficante on the grounds that even though they are treating physicians, they had only "fleeting contact" with Plaintiff and they reached their opinions based on Plaintiff's subjective complaints.  Tr. 37.  As Plaintiff notes in her Reply, however, Plaintiff saw Dr. Nelson seven times between April 1999 and January 2002, and each time Plaintiff complained about fatigue and pain.  Similarly, Plaintiff saw Dr. Trafficante for treatment of her fatigue and pain five times between June 2000 and September 2001.  Thus, the record does not support the ALJ's conclusion that Plaintiff's contact with either doctor was "fleeting."

     In addition, both Dr. Nelson and Dr. Trafficante diagnosed Plaintiff with CFS on the basis of her complaints only after conducting a number of tests to rule out other diagnoses.  At the

15 - OPINION AND ORDER

September 17, 2002, hearing, Charles Grossman, M.D., the medical expert, testified he diagnoses CFS based on a patient's history and self-reported symptoms, and he would "have to . . . take the patient's reported history as accurate [to] make the [CFS] diagnosis."  Tr. 1598.

Finally, the Court notes the record in this matter has several evaluations by treating and examining physicians who assigned GAF[3] scores to Plaintiff between 45 and 61 based on a combination of Plaintiff's physical and mental symptoms.  *See, e.g.,* Tr. 277, 315, 338, 502.  A GAF score in the range of 41-50 indicates serious symptoms or serious impairment in social, occupational, or school functioning.  A GAF score in the range of 51-60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning.

On this record, the Court concludes the ALJ erred when she rejected the opinions of Drs. Nelson and Trafficante as to Plaintiff's limitations because the ALJ did not provide legally sufficient reasons based on substantial evidence in the record for doing so.

**III. Remand for payment of benefits.**

The decision whether to remand this case for further

---

[3] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100.  *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994)(*DSM-IV*) at 30-32.

16 - OPINION AND ORDER

proceedings or for the payment of benefits is a decision within the discretion of the court and generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court finds the record is complete regarding Plaintiff's impairments. The Court credited the opinions of Drs. Nelson and Trafficante that Plaintiff is limited to standing or to walking for two hours in an eight-hour day; to sitting for six hours in an eight-hour day; to reaching occasionally in all directions; to doing handling or fine fingering; and to avoiding

17 - OPINION AND ORDER

frequent exposure to cold, heat, wetness, humidity, noise, vibration, fumes, gases and heights.  At the September 17, 2002, hearing, the VE testified a claimant could not work on a regular and continuing basis with those limitations.  Thus, the Court concludes the ALJ would be required to find Plaintiff disabled on remand, and, therefore, further proceedings would not be useful.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future

18 - OPINION AND ORDER

application for attorneys' fees under 42 U.S.C. § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If Plaintiff intends to submit an application for attorneys' fees under § 406(b), Plaintiff shall submit such application within 60 days from receipt of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 5th day of November, 2008.

    /s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER