IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERTA SESSO,**                                           07-CV-970-BR

        **Plaintiff,**                                  OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security**
**Administration,**

        **Defendant.**


**ALAN STUART GRAF**
P.O. Box 98
Summertown, TN 38483
(931) 964-3123

        Attorney for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAVID BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees (#35) Pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

    On July 2, 2007, Plaintiff filed a Complaint in this Court in which she sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.

    On November 6, 2008, this Court issued an Opinion and Order reversing the Commissioner's decision and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On that same day, the Court entered a Judgment reversing the Commissioner's decision and remanding this matter

2  -   OPINION AND ORDER

to the Commissioner.

On December 16, 2008, the parties filed a Stipulation for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,499.00.  On December 29, 2006, the Court entered an Order based on the Stipulation in which it awarded attorneys' fees to Plaintiff's counsel in the amount of $7,499.00.

On December 16, 2008, Plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $18,273.10 in attorneys' fees for work performed in this matter before this Court.

On January 6, 2008, the Court issued an Order directing Plaintiff's counsel to file a supplemental statement in support of the Motion for Attorney Fees to advise the Court as to the amount of the "additional retroactive Social Security benefits."


**STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any

3  -   OPINION AND ORDER

attorneys' fee awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits."  42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense."  *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Id*. at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable."  *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807.

4  -  OPINION AND ORDER

**DISCUSSION**

**I.   Attorneys' Fee Agreement.**

Plaintiff entered into a contingent-fee agreement in which he agreed to pay his attorneys the greater of (1) 25 percent of the past-due benefits resulting from her claim or (2) such amount as her attorney is able to obtain pursuant to the EAJA.  This type of contingent-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases.  *Grisbrecht*, 535 U.S. at 807.

**II.  Reasonableness of Attorneys' Fees Requested.**

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Grisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider:  the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id*. at 808.  No single factor is dispositive.  *Id*.  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id*.

Here Plaintiff requests fees of $18,273.10 pursuant to the

5  -   OPINION AND ORDER

contingency-fee agreement between Plaintiff and her counsel. A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been denied benefits by an Administrative Law Judge and on administrative appeal. The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.

In addition, Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299-1300 (9th Cir. 1994).

Accordingly the Court concludes a contingent-fee award of $18,273.10, which is 25% of the $73,092.40 in past-due benefits obtained by Plaintiff's counsel on Plaintiff's behalf, is reasonable.

**III. The net amount of attorneys' fees in this matter does not exceed 25% of Plaintiff's past-due benefits.**

42 U.S.C. § 406(a)(1) allows plaintiffs' attorneys to recover their fees for representing plaintiffs at the

6  -   OPINION AND ORDER

administrative level.  In addition, the Court may award attorneys' fees and costs to plaintiffs' attorneys under the EAJA for their representation of plaintiffs in court if certain criteria are met.  *See* 28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002). Finally, as noted, pursuant to § 406(b), courts may award fees to plaintiffs' attorneys for their representation in court "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985).  *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

On remand the Commissioner awarded Plaintiff $73,092.40 in past-due benefits.  Plaintiff's counsel petitioned the Commissioner for and received $5,300 in attorneys' fees pursuant to § 406(a)(1) for his representation of Plaintiff at the administrative level.  As noted, Plaintiff's counsel now moves for attorneys' fees of $18,273.10 pursuant to § 406(b) for his representation of Plaintiff in this Court.

The Ninth Circuit has not resolved the question whether the

7  -   OPINION AND ORDER

25% cap on attorneys' fees applies to § 406(a) and (b) in the aggregate or only to § 406(b) alone. This Court, however, need not decide the issue in this instance because the aggregate amount of attorneys' fees under § 406(a) and (b) does not exceed 25% after Plaintiff's counsel refunds to Plaintiff the amount of fees obtained pursuant to the EAJA. As shown in Exhibit 1, if Plaintiff's counsel is awarded $18,273.10 in attorneys' fees under § 406(b), he must refund to Plaintiff the $7,499.00 in fees he obtained under the EAJA. The net result of this exchange is $10,774.10 in attorneys' fees for the representation of Plaintiff before this Court. When combined with the $5,300.00 in attorneys' fees requested by Plaintiff's counsel for his representation of Plaintiff at the administrative level, the net amount of attorneys' fees paid by Plaintiff in this matter is $16,074.10, which is less than 25% of the past-due benefits received by Plaintiff.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#35) Pursuant to 42 U.S.C. § 406(b) in the amount of $18,273.10 less the $7,499.00 in EAJA fees earlier granted to counsel on December 29, 2008, which counsel must refund to Plaintiff. The net result of this exchange is **$10,774.10** in

8  -   OPINION AND ORDER

attorneys' fees for representation of Plaintiff before this Court.

    IT IS SO ORDERED.

    DATED this 16th day of March, 2009.

                                  /s/ Anna J. Brown

                                  ANNA J. BROWN
                                  United States District Judge